Hearing Date: January 9, 2024 at 10:00 a.m. (EST)
Objection Deadline: January 8, 2024 at 4:00 p.m. (EST)

GOTTESMAN, WOLGEL, FLYNN & WEINBERG, P.C.
11 Hanover Square, 4th Floor
New York, NY 10005
(212) 495-0100
Kelsey Bilodeau
Richard B. Demas

*Attorneys for SureTec Insurance Company*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>96 WYTHE ACQUISITION, LLC.,<br><br>Debtor. | Chapter 11<br><br>Case No.: 21-22108 (SHL) |
| STEPHEN S. GRAY, in his capacity as the Liquidation Trustee for the Liquidation Trust,<br><br>Plaintiff,<br><br>v.<br><br>CONSTANTINO SAGONAS and SURETEC INSURANCE COMPANY,<br><br>Defendants. | Ad. Pro. No. 23-07017 (SHL) |

**NOTICE OF HEARING TO CONSIDER SURETEC INSURANCE COMPANY'S APPLICATION FOR ENTRY OF AN ORDER COMPELLING GC REALTY ADVISORS, LLC TO COMPLY WITH SUBPOENA**

**PLEASE TAKE NOTICE** that a hearing will be held on January 9, 2024**,** at 2:00 p.m. (ET) (the "Hearing Date"), before the Honorable Sean H. Lane, United States Bankruptcy Judge, to consider the annexed Motion of SureTec Insurance Company ("SureTec"), for entry of an

1

order (the "Order"), a true and complete copy of which is annexed to the Motion as Exhibit A, compelling GC Realty Advisors, LLC ("GC") to comply with SureTec's subpoena.

**PLEASE TAKE FURTHER NOTICE THAT** the Hearing will take place via Zoom for Government. Those wishing to appear before the Court at the Hearing, must register their appearance utilizing the Electronic Appearance portal located on the Court's website: https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl. Appearances must be entered no later than 4:00 p.m. (Prevailing Eastern Time) one business day before the hearing.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Order must be made in writing and conform with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules, and be filed with the Clerk of the Bankruptcy Court at the address set forth above, with a copy delivered directly to Bankruptcy Judge Lane's Chambers, and served upon the undersigned attorneys for SureTec Insurance Company, so as to be filed and actually received by all of them not later than January 8, 2024 at 4:00 p.m. (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE THAT** if no objections to the entry of the Proposed Order are timely filed and served on or before the Objection Deadline, the Proposed Order may be entered by the Court.

**PLEASE TAKE FURTHER NOTICE** that, you may also obtain copies of any pleadings by visiting the Court's website at https://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated: New York, New York
December 18, 2023

             Gottesman, Wolgel, Flynn & Weinberg, P.C.
             Attorneys for SureTec Insurance Company

          By: _____
             Kelsey Bilodeau, Esq.
             Richard B. Demas, Esq.

                                          11 Hanover Square, 4th Floor
                                          New York, NY 10005
                                          (212) 495-0100

To:    GC Realty Advisors, LLC
        3006 Avenue M
        Brooklyn, NY 11210

        Frank Oswald, Esq.
        John McClain, Esq.
        Togut, Segal & Segal LLP
        One Penn Plaza, Suite 3335
        New York, NY 10119
        *Attorneys for Plaintiff Stephen S. Gray, in his capacity as the*
        *Liquidation Trustee for the Liquidation Trust*

        Douglas A. Kellner, Esq.
        Kellner Herlihy Getty & Friedman, LLP
        470 Park Avenue South, 7th Floor
        New York, NY 10016-6819
        *Attorneys for Defendant Constantino Sagonas*

Hearing Date: January 9, 2024 at 10:00 a.m. (EST)
Objection Deadline: January 8, 2024 at 4:00 p.m. (EST)

GOTTESMAN, WOLGEL, FLYNN & WEINBERG, P.C.
11 Hanover Square, 4th Floor
New York, NY 10005
(212) 495-0100
Kelsey Bilodeau
Richard B. Demas

*Attorneys for SureTec Insurance Company*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No.: 21-22108 (SHL) |
| 96 WYTHE ACQUISITION, LLC., | |
| Debtor. | |
| STEPHEN S. GRAY, in his capacity as the Liquidation Trustee for the Liquidation Trust, | Ad. Pro. No. 23-07017 (SHL) |
| Plaintiff, | |
| v. | |
| CONSTANTINO SAGONAS and SURETEC INSURANCE COMPANY, | |
| Defendants. | |

**SURETEC INSURANCE COMPANY'S MOTION FOR AN ORDER COMPELLING GC REALTY ADVISORS, LLC TO COMPLY WITH THE SUBPOENA**

# **TABLE OF CONTENTS**

Page(s)

PRELIMINARY STATEMENT .................................................................................. 1-2

JURISDICTION ............................................................................................................ 2

FACTUAL BACKGROUND ........................................................................................ 2-4

RELIEF REQUESTED .................................................................................................. 4

BASIS FOR RELIEF ..................................................................................................... 5-6

NOTICE ......................................................................................................................... 6

CONCLUSION .............................................................................................................. 6

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

SureTec Insurance Company ("SureTec"), a defendant in the above captioned adversary proceeding, by and through its attorneys, Gottesman, Wolgel, Flynn & Weinberg, P.C., respectfully submits this application (the "Motion") for an entry of an order, substantially in the form annexed hereto as Exhibit A (the "Proposed Order"), pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9016 of the Federal Rules of Bankruptcy Procedure (the "F.R.B.P."): (i) compelling GC Realty Advisors, LLC to comply with the Subpoena issued by SureTec by fully responding to the Subpoena by turning over the records and documents responsive to the Subpoena; and (ii) providing that in the event that GC Realty Advisors, LLC fails to fully and timely comply with the Order, SureTec is authorized to submit an order to show cause scheduling a hearing to consider entry of an order holding GC Realty Advisors, LLC in civil contempt and imposing coercive sanctions. In support of the Motion, SureTec submits the Declaration of Richard B. Demas (the "Demas Declaration") and respectfully represents:

**PRELIMINARY STATEMENT**

GC Realty Advisors, LLC ("GC") was and is a limited liability company, that upon information and belief, is owned, in whole or in part, by David Goldwasser, the alleged CRO of the Debtor, that received monies from The Williamsburg Hotel BK, LLC (the "Management Company") the former management company of the Williamsburg Hotel, which was previously owned by 96 Wythe Acquisition, LLC (the "Debtor"). The Management Company assisted Constantino Sagonas, the Temporary Receiver (the "Temporary Receiver"), during the pendency of the Temporary Receiver's receivership of the Debtor. During the period of the Receivership, GC Realty Advisors, LLC received approximately $25,500 according to bank statements. The

1

Trustee has alleged in the adversary proceeding complaint that the Temporary Receiver failed to exercise sufficient oversight over the Management Company and that the Management Company made unapproved disbursements totaling in excess of $3,000,000.

Upon information and belief, GC is in possession, custody and control of records and documents relating to services provided by GC for which GC received payment from the Management Company during the pendency of the receivership.  GC has failed to produce any documents or records in response to the Subpoena.

## JURISDICTION

1. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (E) and (O). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The predicates for this Motion are section 105(a) of the Bankruptcy Code and F.R.B.P. Rule 9016.

## FACTUAL BACKGROUND

3. On or about June 11, 2019, Benefit Street Partners Operating Partnership, L.P. ("Benefit Street") commenced an action to foreclose on its mortgage in the Supreme Court in and for the County of New York, bearing the amended caption of *Benefit Street Partners Operating Partnership LP v. 96 Wythe Acquisition LLC, et. al.,* Index No. 653396/2019 (the "Foreclosure Action").

4. Benefit Street moved for the appointment of a temporary receiver in the Foreclosure Action.

2

5. The State Court granted Benefit Street's motion for the appointment of a temporary receiver by order dated October 19, 2019.

6. By Order dated February 21, 2020, Constantino Sagonas was appointed as Temporary Receiver (the "Temporary Receiver").

7. SureTec issued, at the request of Constantino Sagonas, Bond of Temporary Receiver, Bond No. 3475239.

8. On February 23, 2021 (the "Petition Date"), the Debtor 96 Wythe Acquisition, LLC, (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court. David Goldwasser, who identified himself as the Chief Restructuring Officer of the Debtor, signed the petition. David Goldwasser has submitted statements in the main bankruptcy case that GC is his company.

9. Subsequently an Examiner would be appointed and then, by Order dated May 27, 2022, the Court appointed Stephen S. Gray as Chapter 11 Trustee.

10. On or about April 19, 2023, the Plaintiff commenced the instant adversary proceeding against the Temporary Receiver and SureTec in connection with the Temporary Receiver's tenure.

11. Both the Temporary Receiver and SureTec answered the adversary proceeding complaint.

**Subpoena**

12. SureTec, pursuant to Federal Rules of Bankruptcy Procedure 9016, served a Subpoena upon GC, a non-party to this adversary proceeding. A copy of the Subpoena is annexed to the Demas Declaration as <u>Exhibit 1</u>. The Subpoena was returnable on August 31, 2023. See Subpoena annexed to the Demas Declaration as <u>Exhibit 1</u>.

3

13. The Subpoena was served on August 17, 2023. See Demas Declaration <u>Exhibit 2</u>.

14. SureTec, pursuant to Federal Rules of Bankruptcy Procedure 9016, also provided a copy of the Subpoena and a Notice of Subpoena to counsel for the Plaintiff and the Temporary Receiver on August 11, 2023. See Demas Declaration <u>Exhibit 3</u>.

15. GC did not respond or object to the Subpoena.

16. Counsel for SureTec then wrote to GC by letter dated September 5, 2023, a good faith effort to resolve this matter and in an attempt to avoid motion practice and informing the GC that it had not complied with the Subpoena and to respond. A copy of the September 5, 2023 letter is annexed to the Demas Declaration as <u>Exhibit 4</u>.

17. GC did not respond to the letter.

18. Subsequently, counsel for SureTec sent a second letter, dated November 21, 2023 to the last known address for GC.

19. GC did not respond to the second letter.

**RELIEF REQUESTED**

20. SureTec seeks entry of the Proposed Order: (i) compelling GC to fully respond to the Subpoena, and abide its turnover obligations under the Bankruptcy Code and Federal Rules of Bankruptcy Procedure by producing to SureTec all documents and communications that are responsive to the Subpoena; and (ii) providing that in the event that GC fails to fully comply with the Proposed Order, SureTec will be authorized to submit a proposed order to show cause scheduling a hearing to consider entry of a further order holding GC in civil contempt and imposing appropriate civil sanctions.

**BASIS FOR RELIEF**

21.     Federal Rule of Bankruptcy Procedure Rule 9016 incorporates Federal Rules of Civil Procedure ("F.R.C.P.") Rule 45.

22.     SureTec, as a party to the adversary proceeding, is entitled to engage in discovery concerning the records, invoices, and payment receipts of the Hotel during the tenure of the Temporary Receiver which, upon information and bel ief, were in the possession, custody and control of the Management Company.

23.     SureTec sought these documents by subpoena. See Demas Declaration <u>Exhibit 1</u>.

24.     SureTec properly served the Subpoena on the GC by certified mail on August 17, 2023.

25.     The deadline to respond to the Subpoena was September 5, 2023.

26.     The Subpoena was properly served on GC. Delivery of a copy of the Subpoena via certified mail satisfies the service requirements of F.R.B.P. Rule 9016 and F.R.C.P. Rule 45. *See **Ultradent Products, Inc. v Hayman***, 2002 WL 31119425 (S.D.N.Y. Sept. 24, 2002) (service of subpoena via certified mail proper and sufficient).

27.     GC was obligated to respond to the Subpoena.

28.     GC did not respond to the Subpoena.

29.     GC did not seek relief from the Subpoena.

30.     Counsel for SureTec made good faith efforts to resolve this matter prior to seeking Court assistance.

31.     GC's clear and unequivocal violation of the Subpoena continues. GC has given no indication that it will comply with the Subpoena short of an order compelling it to comply.

5

SureTec respectfully submits that the Court should enter the Proposed Order to compel compliance.

32. Lastly, because GC has failed to comply with the Subpoena, SureTec has and continues to be prejudiced by GC's unjustified failure and refusal to comply with the Subpoena, and GC's failure to comply slows and impedes SureTec's rights to discovery and possible resolution of this matter, impedes the overall progress of the adversary proceeding, and increases SureTec's costs incurred for this matter.

## NOTICE

33. Notice of this Motion has been given to: (i) GC and all of the parties that filed a notice of appearance pursuant to F.R.B.P. Rule 9010(b) in this adversary proceeding. Local Bankruptcy Rule 9006-1(a) provides that, "*[u]nless the Court orders otherwise*, all [discovery-related motions] shall be served at least seven (7) days before the return date." Local Bankr. R. 9006-1(a) (emphasis added). SureTec respectfully requests that the Court find that such notice is sufficient and that no other or further notice of the relief requested herein is necessary or appropriate.

## CONCLUSION

For the reasons set forth herein, SureTec Insurance Company respectfully requests that the Court issue an order compelling GC Realty Advisors, LLC to comply with the subpoena issued by SureTec Insurance Company and grant such other further relief as this Court deems just and proper.

Dated: New York, New York
December 18, 2023

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　　　RICHARD B. DEMAS, ESQ.