GOTTESMAN, WOLGEL, FLYNN & WEINBERG, P.C.
11 Hanover Square, 4th Floor
New York, NY 10005
(212) 495-0100
Kelsey Bilodeau
Richard B. Demas

*Attorneys for SureTec Insurance Company*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 96 WYTHE ACQUISITION, LLC., | Case No.: 21-22108 (SHL) |
| Debtor. | |
| STEPHEN S. GRAY, in his capacity as the Liquidation Trustee for the Liquidation Trust, | Ad. Pro. No. 23-07017 (SHL) |
| Plaintiff, | |
| v. | |
| CONSTANTINO SAGONAS and SURETEC INSURANCE COMPANY, | |
| Defendants. | |

**DECLARATION OF RICHARD B. DEMAS**

RICHARD B. DEMAS, declares, certifies and states under the penalty of perjury under the laws of the United States of America and pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. On or about June 11, 2019, Benefit Street Partners Operating Partnership, L.P. ("Benefit Street") commenced an action to foreclose on its mortgage in the Supreme Court in and for the County of New York, bearing the amended caption of *Benefit Street Partners*

1

*Operating Partnership LP v. 96 Wythe Acquisition LLC, et. al.,* Index No. 653396/2019 (the "Foreclosure Action").

2. Benefit Street moved for the appointment of a temporary receiver in the Foreclosure Action.

3. The State Court granted Benefit Street's motion for the appointment of a temporary receiver by order dated October 19, 2019.

4. By Order dated February 21, 2020, Constantino Sagonas was appointed as Temporary Receiver (the "Temporary Receiver").

5. SureTec Insurance Company ("SureTec") issued, at the request of Constantino Sagonas, Bond of Temporary Receiver, Bond No. 3475239.

6. On February 23, 2021 (the "Petition Date"), the Debtor 96 Wythe Acquisition, LLC, (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court. Subsequently an Examiner would be appointed and then, by Order dated May 27, 2022, the Court appointed Stephen S. Gray as Chapter 11 Trustee. Of note, the Debtor's bankruptcy petition is signed by David Goldwasser, who identified himself as the chief restructuring officer of the Debtor.

7. On or about April 19, 2023, the Plaintiff commenced the instant adversary proceeding against the Temporary Receiver and SureTec in connection with the Temporary Receiver's tenure.

8. Both the Temporary Receiver and SureTec answered the adversary proceeding complaint.

**Subpoena**

9. SureTec, pursuant to Federal Rules of Bankruptcy Procedure 9016, served a Subpoena upon GC Realty Advisors LLC ("GC"), a non-party entity, that upon information and belief is owned, controlled and operated by David Goldwasser that received monies totaling approximately $25,500 from the Debtor's former management company's bank account. A copy of the Subpoena is annexed hereto as Exhibit 1. The Subpoena was returnable on September 5, 2023. See Exhibit 1. The Subpoena was served on August 17, 2023. See Certificate of Service annexed hereto as Exhibit 2.

10. SureTec, pursuant to Federal Rules of Bankruptcy Procedure 9016, also provided a copy of the Subpoena and a Notice of Subpoena to counsel for the Plaintiff and the Temporary Receiver on June 1, 2023. The Notice of Subpoena with Subpoena is annexed hereto as Exhibit 3.

11. GC did not respond or object to the Subpoena.

1. I, as counsel for SureTec, sent a letter to GC, dated September 5, 2023 in a good faith effort to resolve this matter and in an attempt to avoid motion practice and informing the GC that it had not complied with the Subpoena and to respond and a copy of the Subpoena. A copy of the September 5, 2023 letter is annexed hereto as Exhibit 4.

2. GC did not respond to the September 5, 2023 letter.

3. Subsequently a second letter, with a copy of the Subpoena was sent on November 21, 2023. See November 21, 2023 letter annexed hereto as Exhibit 5.

4. GC did not respond to the November 21, 2023 letter.

12. SureTec seeks entry of the Proposed Order: (i) compelling GC to fully respond to the Subpoena, and abide its turnover obligations under the Bankruptcy Code and Federal Rules

3

of Bankruptcy Procedure by producing to SureTec all documents and communications that are responsive to the Subpoena; and (ii) providing that in the event that GC fails to fully comply with the Proposed Order, SureTec will be authorized to submit a proposed order to show cause scheduling a hearing to consider entry of a further order holding GC in civil contempt and imposing appropriate civil sanctions.

13. SureTec, as a party to the adversary proceeding, is entitled to engage in discovery concerning the records, invoices, and payment receipts of the Hotel during the tenure of the Temporary Receiver which, upon information and belief, were in the possession, custody and control of GC.

14. SureTec sought these documents by subpoena. See Exhibit 1.

15. The Subpoena was properly served on GC on August 17, 2023. The Subpoena was returnable September 5, 2023.

16. GC was obligated to respond to the Subpoena.

17. GC did not respond to the Subpoena.

18. GC did not seek relief from the Subpoena.

19. GC's clear and unequivocal violation of the Subpoena continues. GC has given no indication that it will comply with the Subpoena short of an order compelling it to comply. SureTec respectfully submits that the Court should enter the Proposed Order to compel compliance.

20. Lastly, because GC has failed to comply with the Subpoena, SureTec has and continues to be prejudiced by the GC's unjustified failure and refusal to comply with the Subpoena, and the GC's failure to comply slows and impedes SureTec's rights to discovery and

4

possible resolution of this matter, impedes the overall progress of the adversary proceeding, and increases SureTec's costs incurred for this matter.

**WHEREFORE**, it is respectfully requested that the Court grant SureTec Insurance Company's motion in its entirety, and grant such other further relief as this Court deems just and proper.

Dated: New York, New York
December 18, 2023

_____
RICHARD B. DEMAS, ESQ.